James T. PERKINS and Nettie G. Perkins, Plaintiffs–Appellants,

v.

FLATIRON STRUCTURES COMPANY, Defendant–Appellee.

No. 91CA1019.

Colorado Court of Appeals, Div. II.

Aug. 13, 1992.

Rehearing Denied Oct. 1, 1992.

Certiorari Denied March 22, 1993.

Constantine & Anderson, P.C., Samuel A. Anderson, Thomas J. Constantine, Kevin J. O'Brien, Greenwood Village, for plaintiffs-appellants.

Cooper & Kelley, P.C., Mark A. Fogg, Larry S. McClung, Denver, for defendant-appellee.

Opinion by Judge RULAND.

In this action to recover damages for negligence, plaintiffs, James T. and Nettie G. Perkins, appeal from a judgment entered upon a jury verdict in favor of defendant, Flatiron Structures Co. (Flatiron). We affirm in part, reverse in part, and remand for further proceedings.

From August 1, 1988, to' July 15, 1989, the Department of Highways (Department) engaged Flatiron as the general contractor for a road construction project which included a "T-intersection" at West Turkey Creek Road and Quincy Avenue. Vehicles traveling south on West Turkey Creek Road were required to turn either right or left onto Quincy Avenue because West Turkey Creek Road terminated there.

During the early morning hours of July 3, 1989, plaintiffs were traveling in their

vehicle south on West Turkey Creek Road as they approached the intersection at Quincy Avenue. According to plaintiffs, they spotted a yellow flashing signal which they interpreted as indicating that they could proceed through the intersection. As they attempted to do so, their vehicle hit a curb constructed at the end of West Turkey Creek Road and then proceeded some distance down an embankment.

Plaintiffs brought suit against the Department and Flatiron, claiming that both parties were negligent in failing to provide adequate warnings of the alleged dangerous conditions. Plaintiffs also asserted that both parties failed to provide adequate lighting at the site and adequate warning of the construction in progress.

The claim against the Department was dismissed based upon governmental immunity. Flatiron's request to designate the Department as a non-party at fault was denied for reasons not pertinent here.

Following entry of judgment on the jury's verdict, plaintiffs moved for a judgment notwithstanding the verdict. The motion was denied, and the trial court awarded Flatiron costs in the amount of $5,894.30.

## I.

■ Plaintiffs' first allegation of error concerns the jury instruction on causation given by the trial court.

Plaintiffs tendered the following instruction predicated upon *CJI–Civ 3rd* 9:27 (1988):

> More than one person may be responsible for causing injuries or damages. If you find that the Defendant, Flatiron Structures Company, was negligent and that its negligence caused injury or damage to the Plaintiffs, it is not a defense that some third person's negligence might also have been a cause of the injuries or damages.

In lieu of this instruction, the court gave an instruction requested by Flatiron which mirrored *CJI–Civ 3rd* 9:28 (1988) as follows:

> The word 'cause' as used in these instructions means an act or failure to act which in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have been incurred.
>
> If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury. A cause does not have to be the only cause or the last or nearest cause. It is sufficient if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.
>
> One's conduct is not a cause of another's injuries, however, if, in order to bring about such injuries, it was necessary that his or her conduct combine or join with an intervening cause which also contributed to cause the injuries, but which intervening cause would not have been reasonably foreseen by a reasonably careful person under the same or similar circumstances.

Relying upon the "Notes on Use" contained in the *Colorado Jury Instructions* manual, plaintiffs contend that since Flatiron failed to designate the Department as a non-party at fault, the trial court erred in refusing their proffered instructions. They argue that they were prejudiced by the failure to give the instruction, because Flatiron relied upon direction from the Department in placement of traffic control devices and, thus, assigned any responsibility for omissions in that regard to the Department. We conclude that there was no reversible error.

Plaintiffs' proffered instruction states that if the jury finds Flatiron negligent, then a third person's negligence is not a defense. However, on the special verdict form, the jury specifically found that Flatiron was not negligent and that the injuries suffered by plaintiffs were not caused by any negligence of Flatiron. Thus, because of those determinations, we conclude that any error in failing to give the instruction was harmless. *See Schlesselman v. Gouge,* 163 Colo. 312, 431 P.2d 35 (1967).

## II.

### A.

 Plaintiffs next claim that they were entitled to judgment as a matter of law and that, therefore, the trial court erred in denying their motion for a judgment notwithstanding the verdict. They argue that even if Flatiron complied with the requests of the Department in installing the devices and warnings in question, it was not relieved from liability because Flatiron had an independent duty under agency law to install appropriate safety devices and warnings. We perceive no error.

At trial, plaintiffs failed to submit any jury instructions relative to the agency theory. Moreover, their trial briefs fail to address this theory of law as well. Under these circumstances, we conclude that plaintiffs are precluded from raising this contention for the first time on appeal. *See Matthews v. Tri–County Water Conservancy District,* 200 Colo. 202, 613 P.2d 889 (1980).

### B.

Moreover, and contrary to plaintiffs' contention, we conclude that there was sufficient evidence to support the jury's verdict.

 A motion for a judgment notwithstanding the verdict can be entered only if, after viewing the evidence in a light most favorable to the non-moving party, reasonable people could not reach the same conclusion as the jury. *Alzado v. Blinder, Robinson & Co.,* 752 P.2d 544 (Colo.1988).

 Here, there was evidence indicating that, at the time of the accident, Flatiron had complied with all of the Department's contractual and regulatory direction relative to traffic control devices and warnings, except for installation of guardrails.

Finally, even if we assume that Flatiron had failed timely to install a guardrail, we conclude the evidence supports a finding that it was not designed to be a traffic control device and that it was not necessary for safety control. The guardrail which was eventually installed was described as "galvanized," meaning that it was chrome colored and weathered. According to some witnesses, that guardrail was essentially invisible at night.

### III.

Plaintiffs next argue that the trial court erred in allowing one of Flatiron's expert witnesses to testify. They maintain the expert's testimony should have been barred because Flatiron failed to comply with C.R.C.P. 16(g), which requires disclosure of the basis for and summary of each expert witness' opinions. We perceive no error.

Here, on the third day of trial, Flatiron called the expert in question. In response to plaintiffs' objection, the trial court ruled that Flatiron had only partially complied with C.R.C.P. 16(g) because, in its disclosure certificate, it gave "the area" of the expert's opinions, rather than the expert's specific opinions. The trial court concluded, however, that plaintiffs' delay in objecting to the C.R.C.P. 16 violation was unjustified and that the expert would be permitted to testify to some opinions and not to others.

 If a party fails to comply with the requirements of the rule, the trial court is authorized to impose appropriate sanctions. *See* C.R.C.P. 16(h). In addition, the court has broad discretion in determining the sanctions to be imposed, and its decision will not be overturned absent an abuse of discretion. *See Great Western Sugar Co. v. Northern Natural Gas Co.,* 661 P.2d 684 (Colo.App.1982) *aff'd sub nom., KN Energy, Inc. v. Great Western Sugar Co.,* 698 P.2d 769 (Colo.1985).

 Here, because of Flatiron's failure to comply strictly with C.R.C.P. 16(g), the expert was allowed to give his opinions only on limited issues. *See Freedman v. Kaiser Foundation Health Plan,* 849 P.2d 811 (Colo.App.1992); *Locke v. Vanderark,* 843 P.2d 27 (Colo.App.1992).

Further, our review of the disclosure certificate persuades us that sufficient information was included to provide adequate notice to plaintiffs of the nature of the opinions permitted by the trial court. The basis for the opinion was also sufficiently

apparent because the expert was designated as a professional engineer. Hence, we find no abuse of discretion.

Plaintiffs further argue that the trial court erred in permitting the expert to testify to an opinion beyond the scope of its initial ruling. We disagree.

Plaintiffs did not object at the time the expert rendered the opinion. Hence, that objection was waived. *See Hancock v. State Department of Revenue,* 758 P.2d 1372 (Colo.1988).

### IV.

Last, plaintiffs contend that the trial court erred in its award of costs to Flatiron. We agree in part.

### A.

Plaintiffs also assert that Flatiron was not entitled to fees for its expert because, they argue, the opinions he gave were not founded upon a "special study or experience in any branch of science," as required by § 13–33–102(4), C.R.S. (1987 Repl.Vol. 6A). We find no merit in this contention.

As noted, the trial court properly allowed Flatiron's expert to testify, despite its partial compliance with C.R.C.P. 16(g). And, since that expert's opinions were based upon his training as an engineer and his years of studying and working in the area of traffic safety, he was entitled to fees under § 13–33–102, C.R.S. (1987 Repl.Vol. 6A).

We agree with plaintiffs' contention, however, that fees for the expert's assistant should not have been allowed because those fees are not authorized by the statute. We also conclude that fees for pre-trial preparation to render opinions not admitted into evidence were not recoverable, and the invoice from the expert fails to confirm that the pre-trial preparation billed was limited to preparation for the opinions given at trial.

### B.

Next, plaintiffs claim that the trial court erred in allowing 50 cents per mile for mileage fees for each witness. We agree.

Mileage fees for witnesses testifying at trial are purely statutory. *Crawford v. French,* 633 P.2d 524 (Colo.App.1981). And, mileage fees are limited to 15 cents per mile for each mile traveled from the place of residence to the place named in the subpoena. *See* § 13–33–103, C.R.S. (1991 Cum.Supp.).

### C.

Relying upon *Shultz v. Linden–Alimak, Inc.,* 734 P.2d 146 (Colo.App.1986), plaintiffs further argue that the trial court abused its discretion when it awarded Flatiron fees for photocopies of documents made in connection with pre-trial discovery. We disagree.

A division of this court in *Shultz* did include photocopies in enumerating costs which may not be recovered pursuant to § 13–16–122, C.R.S. (1987 Repl.Vol. 6A). However, § 13–16–122(1)(f), C.R.S. (1987 Repl.Vol. 6A) expressly authorizes an award of "[a]ny fees for exemplification and copies of papers necessarily obtained for use in the case." Plaintiffs do not contend that the photocopies were not necessarily obtained for use in this case. Hence, in view of the plain wording of the statute, we decline to follow the opinion in *Shultz* insofar as it addresses an award for photocopies.

The judgment is affirmed except for the award of costs. The cause is remanded for further proceedings on the award consistent with the views expressed in this opinion.

PIERCE and REED, JJ., concur.