**Randy SCOTT, Plaintiff–Appellee,**

v.

**ART OF OPTIKS CHERRY CREEK, INC., Defendant–Appellant.**

**No. 01CA1604.**

Colorado Court of Appeals, Div. IV.

Oct. 10, 2002.

As Modified on Rehearing Nov. 7, 2002.

John H. Case, Aspen, Colorado, for Plaintiff–Appellee.

Brownstein, Hyatt & Farber, P.C., Stanley L. Garnett, Amy L. Parsons, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Art of Optiks Cherry Creek, Inc., appeals from a judgment denying its motion for attorney fees from plaintiff, Randy Scott. We reverse and remand.

Scott and Farrell Kahn jointly owned optical stores in Aspen and Cherry Creek. The businesses were incorporated, respectively, as Optiks Holding Corp. pursuant to a 1988 corporate shareholder agreement, and Art of Optiks Cherry Creek, Inc. (Cherry Creek) pursuant to a 1999 corporate shareholder agreement. After a disagreement arose about financing for the Cherry Creek store, Kahn bought Scott's minority shares pursuant to the buy-out provisions in the corporate shareholder agreements, and he terminated Scott's employment.

Scott sued Kahn, Optiks Holding Corp., and Cherry Creek asserting claims for an accounting, a judicial appraisal of shares, breach of fiduciary duty, breach of contract, defamation, conversion, securities fraud, and deceit. Pursuant to Cherry Creek's motion, the trial court granted summary judgment in

its favor, dismissing all claims asserted against it. Following trial on the remaining claims, the trial court awarded Scott $63,844 on his claim for an accounting, jointly and severally against Kahn and Optiks Holding Corp. *See Scott v. Kahn,* 2002 WL 1969842 (Colo.App. No. 01CA0657, May 2, 2002)(not published pursuant to C.A.R. 35(f))(reversing judgment against Kahn personally).

Thereafter, the trial court denied Cherry Creek's post-trial motion for attorney fees, which was filed pursuant to that part of the 1999 corporate shareholder agreement providing attorney fees for "[t]he prevailing party in any suit to enforce any provision of, or for breach of any provision of this Agreement." The trial court determined that Scott was the prevailing party "within the context" of the lawsuit.

Cherry Creek contends that the trial court erred in determining that Scott was the prevailing party. Cherry Creek argues that, having prevailed on all of the claims asserted against it by Scott, it was the prevailing party, even though Scott prevailed on his claim for an accounting against one other party. We agree.

Colorado courts have addressed the issue of who is the prevailing party where a party receives judgment against other parties on some but not all of its claims. *See, e.g., Odenbaugh v. County of Weld,* 809 P.2d 1059, 1063 (Colo.App.1990); *In re Marriage of Watters,* 782 P.2d 1220, 1221 (Colo.App.1989). Our courts have also addressed the issue of apportionment of an attorney fees award among the parties against whom it was entered. *See, e.g., Colantuno v. A. Tenenbaum & Co.,* 23 P.3d 708, 714 (Colo.2001); *Newport Pacific Capital Co. v. Waste,* 878 P.2d 136, 140 (Colo.App.1994). The issue before us now—who is the prevailing party when one party receives judgment against some, but not all of the other parties—is an issue of first impression.

The few courts that have addressed the issue have concluded that the trial court must consider the judgments obtained by the various parties, not the overall trial result, in determining who is the prevailing party. *See Tulsa Litho Co. v. Tile & Decorative Surfaces Magazine Publishing, Inc.,* 69 F.3d 1041, 1043 (10th Cir.1995); *Christie–Lambert Van & Storage Co. v. McLeod,* 39 Wash.App. 298, 305, 693 P.2d 161, 166 (1984).

We agree with that conclusion. To hold otherwise would produce an unfair and absurd result, preventing recovery of attorney fees by a party who successfully defends against all claims against it simply because the opposing party prevailed on claims against other parties.

Because the trial court granted Cherry Creek summary judgment against Scott, Cherry Creek was the prevailing party as between it and Scott. *See Dennis I. Spencer Contractor, Inc. v. City of Aurora,* 884 P.2d 326, 332 (Colo.1994)(in breach of contract claim, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees). Consequently, we remand the matter to the trial court to determine what, if any, attorney fees should be awarded to Cherry Creek under the contract as the prevailing party on claims brought against it by Scott to enforce the 1999 corporate shareholder agreement. *See Grynberg v. Agri Tech, Inc.,* 985 P.2d 59, 64–65 (Colo.App. 1999), *aff'd,* 10 P.3d 1267 (Colo.2000).

We do not reach Cherry Creek's contentions concerning the reasonableness and necessity of its attorney fees. These determinations must be made by the trial court on remand.

The judgment is reversed, and the case is remanded to the trial court for further consideration of Cherry Creek's motion for attorney fees.

Judge DAVIDSON and Judge VOGT concur.