In re the MARRIAGE OF Brenda S. Lindsey TAGEN, Appellee,

and

Steven Walter Tagen, Appellant.

No. 01CA0404.

Colorado Court of Appeals, Div. III.

Dec. 19, 2002.

John R. Perrin, Colorado Springs, Colorado, for Appellee.

Warren & Mundt, P.C., Robert B. Warren, Colorado Springs, Colorado, for Appellant.

Opinion by Judge JONES.

Steven Walter Tagen (husband) appeals from certain portions of the permanent orders entered in connection with the dissolution of his marriage to Brenda S. Lindsey Tagen (wife). We affirm.

The trial court determined that the husband contributed to a Public Employees' Retirement Association (PERA) account during the marriage and that the account constituted marital property. The court held that it should be divided between the parties using the "Hunt" formula, with the husband receiv-

ing an offset for his share of the equity in the marital home. The court ordered the retirement analysis expert, who had been retained by the wife, to prepare the calculations and documents to effect the award and ordered the husband to pay all of that expert's fees. Finally, the court ordered the husband to select "Option 2" to secure payment of the PERA benefits to the wife in the event of his death.

Recognizing that, absent agreement of the parties, the PERA plan could not be ordered to make payments directly to the wife, the court ordered the husband to pay the wife her share of the PERA benefits as he receives his retirement checks.

The court also found that the husband was presently earning $39,600 per year as a teacher and that he would earn at least $7750 more annually working at a community college. The court calculated the wife's income at $1520 per month based upon her testimony that she has nineteen piano students at $80 per month from each. The trial court further found that although the husband earned his educational degrees during the marriage, the wife did not complete the degree that she had started prior to the marriage.

The court concluded that the wife needed maintenance in order to complete her education and awarded her $500 per month for a period of seven years or until she is fully self-supporting. The court ordered the husband to pay $648 per month as child support. Finally, the court ordered the husband to pay $2000 of the wife's attorney fees.

## I.

The husband contends that the trial court erred in dividing the PERA account. We are not persuaded.

### A.

■ The husband first asserts that the trial court lacked subject matter jurisdiction to divide the PERA account in the absence of an agreement of the parties. We disagree.

The statutory language controlling the distribution of PERA accounts prohibits a court from ordering PERA itself to divide the account and to distribute the account benefits to anyone but the accountholder absent an agreement of the parties. Section 14–10–113(6)(a)(I), C.R.S.2002, states, in relevant part, that "all retirement benefits of any nature for public employees ... shall be, in all actions for dissolution of marriage ... divisible directly by the plan upon written agreement of the parties." Section 14–10–113(6)(f), C.R.S.2002, bolsters this law by stating, in relevant part, "A court shall have no jurisdiction to enter an order dividing a public employee retirement benefit except upon written agreement of the parties ...."

Thus, a trial court can order the PERA plan to pay benefits directly to a former spouse only when the parties agree to the division in a written separation agreement submitted to the court.

■ However, there is no statutory provision that prohibits a trial court from entering an order directing one spouse to pay benefits to the other when the parties have not reached an agreement. Indeed, assets in PERA accounts must be included for purposes of calculating the total marital assets subject to division. *See In re Marriage of Pope,* 37 Colo.App. 237, 544 P.2d 639 (1975).

Shortly after the 1996 adoption of the predecessor statutory language to § 14–10–113(6), C.R.S.2002, a division of this court held that the three methods of dividing a pension upon dissolution of marriage, which were set forth by the supreme court in *In re Marriage of Hunt,* 909 P.2d 525 (Colo.1995), apply to private pension plans and PERA plans equally. In applying *Hunt,* the division took no special note that the pension was a PERA account and emphasized that, as had been the case in the past, the choice of a distribution method lies within the sound discretion of the trial court. *In re Marriage of James,* 950 P.2d 624, 626–27 (Colo.App. 1997).

In so holding, the *James* division implicitly acknowledged that a trial court may order the parties to share PERA benefits, as the trial court did here, without running afoul of § 14–10–113(6). Thus, the new section simply gave spouses the option of agreeing that PERA would directly distribute the retire-

ment benefits to each of them. *Cf. In re Marriage of Kelm,* 912 P.2d 545, 547 (Colo.1996)(supreme court recognized that pension benefits are marital property subject to distribution upon dissolution and treated wife's PERA benefits as any other pension benefit); *In re Marriage of Blake,* 807 P.2d 1211 (Colo.App.1990)(affirming trial court's order requiring husband to pay wife her portion of his PERA benefits in monthly payments even before husband had begun receiving his benefits).

■ Accordingly, we reject the husband's argument that the trial court lacked jurisdiction to divide the PERA pension under these circumstances and conclude that "the method a trial court uses to distribute a pension in effecting an equitable distribution lies within its sound discretion." *In re Marriage of Kelm, supra,* 912 P.2d at 551.

Here, the trial court properly treated the husband's PERA benefits as any other pension benefit and acted within its discretion in ordering the husband to pay the wife a portion of the PERA benefits as the husband receives his retirement checks. We, thus, conclude that the trial court's order resulted in the equitable division of the marital assets. *See In re Marriage of Gallo,* 752 P.2d 47, 55 (Colo.1988).

### B.

■ The husband alternatively asserts that the trial court's order is inconsistent because it simultaneously utilizes the present value of assets and the future value of the assets in ordering the deferred distribution of the PERA account. We are not persuaded.

■ The trial court has broad discretion to determine the most appropriate and equitable division of a pension accrued during marriage. *In re Marriage of Hunt, supra; In re Marriage of Blake, supra.*

Here, contrary to the husband's assertions, the trial court did not use the present value of the PERA account in calculating the deferred distribution of the account. While the present value of the PERA account was listed on the wife's proposed property division, the trial court properly used the "deferred

distribution method" to determine the offset amount the husband was to receive in the form of PERA benefits. In so doing, the court used the "Hunt" formula to determine the percentage of the pension stream that the wife would be eligible to receive once the husband began receiving the benefits. *See In re Marriage of Hunt, supra.* The present value of the account played no part in this calculation.

Additionally, any further dispute concerning the propriety of the terms of the order prepared by the wife's expert to effect the division may be brought to the trial court's attention for clarification or resolution within the court's continuing jurisdiction.

Finally, the husband's post-trial request for $14,434 in interest on the offset amount owed to him was deemed denied under C.R.C.P. 59(j). Nevertheless, the award of interest on such sum was discretionary with the court. *See In re Marriage of Lucas,* 631 P.2d 1175 (Colo.App.1981). We perceive no abuse of discretion here.

### II.

■ The husband also contends that the trial court abused its discretion in awarding the wife maintenance. Again, we disagree.

■ The trial court has broad discretion in determining the amount and duration of a maintenance award, and absent an abuse of discretion, a trial court's order will not be reversed. *In re Marriage of Antuna,* 8 P.3d 589 (Colo.App.2000).

■ An award of maintenance to a spouse is appropriate if that spouse lacks sufficient property, including marital property awarded, to provide for his or her reasonable needs and is unable to be self-supporting through appropriate employment. *In re Marriage of Bartolo,* 971 P.2d 699 (Colo.App. 1998). The statutory threshold for maintenance is a flexible standard that takes into account the particular facts and circumstances of each case and the reasonable expectations of the parties established during the marriage. *In re Marriage of Olar,* 747 P.2d 676 (Colo.1987).

Here, the trial court based the award of maintenance upon its finding, which is supported by the record, that the wife presented a good faith educational plan that would enable her to become self-supporting within five to seven years. The court also found, based on the testimony, that the husband had sufficient income from his employment to pay the wife some maintenance and, although obligated to reimburse his mother's account at some point, historically had access to his mother's funds to supplement the ongoing financial needs of his family.

While the testimony established that the wife stopped pursuing a college degree several years before the parties married, the wife testified that she did not require a degree to be a piano teacher. In addition, other than teaching students at home, from which she earned some money, the wife's primary duty during the marriage had been to raise the parties' twin daughters and maintain the household. Accordingly, the award of maintenance is supported by the evidence. Thus, the award does not constitute an abuse of discretion.

### III.

In a related argument, the husband contends that the amount of child support was improperly calculated. We disagree.

Section 14–10–115(7)(a)(I)(C), C.R.S.2002, provides that "gross income" does not include "income from additional jobs that result in the employment of the obligor more than forty hours per week or more than what would otherwise be considered to be full-time employment."

Here, the record does not contain a child support worksheet that demonstrates the calculation of support under the permanent orders entered by the court. However, the husband has not asserted that the trial court incorrectly calculated the amount of child support based upon the findings made.

██ Furthermore, no evidence was presented to the trial court that the husband's income was improperly based upon employment that exceeded forty hours per week or full-time employment. The husband testified only that his community college teaching typ-

ically would occur in the summertime and that he had earned $7750 gross income for the eight months preceding the permanent orders hearing. Thus, error may not be predicated on the argument, raised for the first time on appeal, that child support was calculated in violation of § 14–10–115(7)(a)(I)(C). *See In re Marriage of Aldrich,* 945 P.2d 1370 (Colo.1997).

### IV.

██ The husband next contends that the trial court erred in ordering him to pay fees that were incurred for the wife's expert. We do not agree.

██ We review a trial court's award of fees for an abuse of discretion. *In re Marriage of Balanson,* 25 P.3d 28, 35 (Colo.2001).

Here, the trial court's final order required the husband to pay for the expert's services related to the experts original evaluation of the PERA account, the expert's court testimony, and any fees incurred for the expert to prepare the court's order. Thus the husband apparently was ordered to pay the entire $1505 that was owed to the expert.

The husband alleges that part of the fee was generated when the expert prepared an irrelevant domestic relations order, but the wife responds that all of the expert's work was necessary and appropriate to comply with the court's order. Yet, there is nothing in the record that enables us to review the viability of either position. Nothing transmitted to this court itemizes the expert's $1505 fee or otherwise indicates how that total was reached.

██ It is the appellant's responsibility to designate the record on appeal, including any parts of the trial proceeding that are necessary for purposes of the appeal, and to ensure that the record is properly transmitted to an appellate court. C.A.R. 10(b). Any facts not appearing in the record cannot be reviewed, and we presume that material portions omitted from the record would support the judgment of the trial court. *People v. Wells,* 776 P.2d 386, 390 (Colo.1989).

Because we conclude that the record does not contain sufficient information to allow us

to determine whether the award of fees was reasonable and properly within the court's discretion, we presume the correctness of the trial court's order.

## V.

Finally, the husband contends that there was no disparity in the parties' economic circumstances to warrant an award of attorney fees to the wife. We perceive no error.

Section 14–10–119, C.R.S.2002, permits the trial court to apportion attorney fees and costs in dissolution and postdissolution matters based upon the relative economic circumstances of the parties. *In re Marriage of Woolley*, 25 P.3d 1284 (Colo.App.2001).

Here, the wife testified that she incurred $3600 in reasonable and necessary attorney fees through the permanent orders hearing and had borrowed funds from her family to obtain those services. The trial court ordered the husband to pay approximately one-half of those fees. In doing so, the court found that it was equitable to require the husband to contribute to the fees and costs incurred by the wife because of the parties' disparate incomes and the lack of liquid assets from which the wife could pay such costs. The award is supported by the evidence and is within the broad discretion of the trial court. *See In re Marriage of Weibel*, 965 P.2d 126 (Colo.App.1998).

The judgment is affirmed.

Judge DAVIDSON and Judge STERNBERG *, concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.