**Melody CLAYTON, Plaintiff–Appellant,**

v.

**Matthew SNOW, Defendant–Appellee.**

**No. 04CA1942.**

Colorado Court of Appeals,
Div. V.

Jan. 26, 2006.

Larry D. Lee, P.C., Larry D. Lee, Boulder, Colorado, for Plaintiff–Appellant.

Seaman, Giometti & Murphy, P.C., Thomas J. Seaman, Greenwood Village, Colorado, for Defendant–Appellee.

RUSSEL, Judge.

Plaintiff, Melody Clayton, appeals from the trial court's order awarding costs to defen-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI. § 5(3), and § 24–51–1105, C.R.S.2005.

dant, Matthew Snow. We affirm in part, reverse in part, and remand with directions.

## I. Background

Plaintiff sued defendant for injuries that she allegedly sustained in a car accident. Plaintiff rejected an offer of settlement, and the matter went to trial. The case was tried twice:

- At the first trial, the defense presented the testimony of three expert witnesses. After the jury returned a verdict in favor of defendant, the trial court ruled that it had erred in admitting the testimony of one expert, a psychiatrist. The court set aside the jury's verdict and ordered a new trial.
- At the second trial, the defense presented the testimony of the two other experts. The jury again returned a verdict in favor of defendant.

After trial, the court ruled that defendant was entitled to recover his costs under § 13–17–202, C.R.S.2005. After holding a hearing, the court awarded defendant $69,017.60, an amount that included expert witness fees for both trials.

## II. Psychiatric Expert Fees

■ Plaintiff contends that the trial court erred in awarding fees for the psychiatric expert who did not testify at the second trial. We agree.

Section 13–17–202(1)(a)(II), C.R.S.2005, allows a defendant to recover "actual costs" when the plaintiff rejects a settlement offer and subsequently fails to recover more than the amount offered. For purposes of § 13–17–202, actual costs include "reasonable expert witness fees." Section 13–17–202(1)(b), C.R.S.2005. The limitation that expert fees be "reasonable" is common to all bases for recovery of costs. *See Steele v. Law,* 78 P.3d 1124, 1128 (Colo.App.2003) (only reasonable expert witness fees may be awarded under C.R.C.P 54(d) and § 13–16–122, C.R.S.2005).

■ The trial court has discretion to determine whether fees are reasonable under § 13–17–202. *Underwood v. Dillon Cos.,* 936 P.2d 612, 616 (Colo.App.1997). The proper exercise of this discretion requires the trial court to answer two questions:

1. Were the expert's services reasonably necessary to the party's case? *See Mgmt. Specialists, Inc. v. Northfield Ins. Co.,* 117 P.3d 32, 38–39 (Colo.App. 2004); *Bainbridge, Inc. v. Douglas County Bd. of Comm'rs,* 55 P.3d 271, 274 (Colo.App.2002).

2. Did the party expend a reasonable amount for the expert's services? *See* § 13–33–102(4), C.R.S.2005 (expert witness fees are to be fixed "with reference to the value of the time employed and the degree of learning or skill required"); *Trinity Universal Ins. Co. v. Streza,* 8 P.3d 613, 619 (Colo.App.2000); *Underwood v. Dillon Cos., supra,* 936 P.2d at 616.

These inquiries are necessary "to prevent the squandering of an adversary's resources." *Bruno v. W. Elec. Co.,* 618 F.Supp. 398, 406 (D.Colo.1985); *see also Scholz v. Metro. Pathologists, P.C.,* 851 P.2d 901, 910 (Colo.1993) (discretion over the amount awarded under § 13–17–202 is necessary to avoid unreasonable and unjust results).

■ A party may recover fees for an expert who does not testify at trial. Courts have awarded fees for experts who were hired to provide advisory or consulting services, *see, e.g., Mgmt. Specialists, Inc. v. Northfield Ins. Co., supra,* 117 P.3d at 38–39, or who did not testify because some extrinsic circumstance rendered their testimony unnecessary. *See, e.g., Wark v. McClellan,* 68 P.3d 574, 582 (Colo.App.2003) (award upheld for toxicologist who did not testify because the trial court entered a directed verdict on the issue of impairment); *Mackall v. Jalisco Int'l, Inc.,* 28 P.3d 975, 977 (Colo.App.2001); *see also* 10 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2678, at 464 (3d ed.1998) (presumption against awards for nontestifying experts may be overcome by showing that some extrinsic circumstance rendered the testimony unnecessary).

■ However, when an expert is hired to testify but does not because his or her testimony is inadmissible, the expert's services

cannot be characterized as reasonably necessary. In such circumstances, courts do not award fees. *See Perkins v. Flatiron Structures Co.,* 849 P.2d 832, 836 (Colo.App.1992) (trial court improperly awarded fees for pretrial preparation of opinions that were not admitted into evidence); *Dep't of Health v. Hecla Mining Co.,* 781 P.2d 122, 128 (Colo. App.1989) (witness fees are not reimbursable where the testimony was inadmissible); *City of Lakewood v. DeRoos,* 631 P.2d 1140, 1144 (Colo.App.1981) (trial court properly disallowed fees for expert whose testimony was excluded).

Here, it is undisputed that the testimony of the psychiatric expert was inadmissible. Yet the trial court allowed defendant to recover these fees because the expert's testimony was not ruled inadmissible until after it had been admitted in the first trial.

We conclude that, for purposes of determining whether an expert's services were reasonably necessary, there is no meaningful difference between an order that excludes testimony before trial and one that grants a new trial on the ground that the testimony was admitted in error. Either way, the testimony cannot be regarded as reasonably necessary to the disposition of the case.

Accordingly, we reverse the award of costs for the psychiatric expert. On remand, the trial court should subtract, from the total award of costs, the amount awarded for the fees of this expert.

### III. Other Expert Witness Fees

Plaintiff also contends that the award of costs should be reversed because the other experts' testimony was "infected" by the inadmissible opinions of the psychiatric expert. We need not consider the legal merits of this argument because plaintiff has failed to establish the necessary factual foundation.

The trial court found, among other things, that "the experts reached their conclusions on information independent of [the psychiatric expert's] report." Because plaintiff did not provide a transcript of the proceedings, we are unable to determine whether this finding was correct. We therefore must presume that the record would support the trial

court's finding. *See* C.A.R. 10; *In re Marriage of Tagen,* 62 P.3d 1092, 1096 (Colo.App. 2002).

The order is reversed insofar as it awards fees for the psychiatric expert and is affirmed in all other respects; the case is remanded with directions to subtract the amount awarded for the fees of the psychiatric expert.

WEBB and HAWTHORNE, JJ., concur.