**E–470 PUBLIC HIGHWAY AUTHORITY, Petitioner–Appellee,**

v.

**Steven J. REVENIG, Trustee, Successor Trustee to Stephen A. Hellerstein, and Howard Farkas, Respondents–Appellants.**

**No. 04CA2396.**

Colorado Court of Appeals, Div. I.

April 6, 2006.

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

228

Duncan, Ostrander & Dingess, P.C., Robert R. Duncan, Donald M. Ostrander, James Birch, T. Daniel Platt, Denver, Colorado, for Petitioner–Appellee.

Grimshaw & Harring, P.C., Wayne B. Schroeder, Jody Harper Alderman, Carrie S. Bernstein, Denver, Colorado, for Respondents–Appellants.

DAILEY, J.

In this eminent domain proceeding, respondents, Steven J. Revenig and Howard Farkas (landowners), appeal the trial court's order denying them attorney fees and costs incurred in challenging on appeal the constitutionality of § 38–1–114(2)(d), C.R.S.2005 (reducing monetary award of compensation for land taken by the value of special benefits added to landowners' remaining property by virtue of the condemnation). We affirm.

Petitioner, E–470 Public Highway Authority, offered landowners $100 for fee and easement rights in seventy-three acres of land to be used in connection with E–470's highway project. After landowners refused the offer, a board of commissioners determined that the value of the property taken was $1,323,691.15, the amount of damages to the remaining property was $2,888,272.80, and the value of the special benefits to the remaining property was $297,000.

E–470 successfully appealed the commissioners' assessment of damages to landown-

ers' remaining property, *see E–470 Pub. Highway Auth. v. Jagow,* 30 P.3d 798 (Colo. App.2001), *aff'd,* 49 P.3d 1151 (Colo.2002), and, on remand, landowners accepted a remittitur of $100,000 in lieu of a new trial on this portion of damages.

Also on remand, pursuant to § 38–1–114(2)(d), the trial court reduced the amount of landowners' combined damages ($1,423,691.15) by the value of special benefits conferred by the condemnation on the remaining land ($297,000). This reduction resulted in a total monetary damage award of $1,126,691.15 to landowners.

Landowners then challenged the constitutionality of reducing damages under § 38–1–114(2)(d). The trial court rejected that challenge, and its determination was affirmed by the supreme court in *E–470 Public Highway Authority v. Revenig,* 91 P.3d 1038 (Colo. 2004).

After each appeal, landowners filed motions for attorney fees and costs under § 43–4–506(1)(h)(II)(B), C.R.S.2005. Of the total $445,466.07 requested, the trial court awarded landowners all but the $21,053.20 incurred in connection with the second appeal. The trial court concluded that the $21,053.20 in fees and costs was "not reasonably necessary for the prosecution of [landowners'] claims in this condemnation action, and thus will not be awarded."

■ On appeal, landowners contend that the trial court erred in not awarding fees and costs incurred in connection with the second appeal challenging the constitutionality of § 38–1–114(2)(d). We disagree.

Section 43–4–506(1)(h)(II)(B) states, in pertinent part, as follows:

In connection with proceedings for the authority's acquisition or condemnation of property ... *the court shall award the owner all of such owner's reasonable attorney fees and the reasonable costs* of the litigation incurred by such owner *where the award by the court in such proceedings equals or exceeds one hundred thirty percent of the last written offer* given to the

property owner prior to the filing of the condemnation action.

(Emphasis added.)

Landowners correctly point out that, under § 43–4–506(1)(h)(II)(B), they were entitled to an award of all their reasonable attorney fees and costs, because the damages they ultimately recovered ($1,126,691.15) greatly exceeded 130% of E–470's last written offer ($100).

The issue here, however, is how to determine "reasonable" attorney fees and costs. Landowners contend that, because the position they asserted in the second appeal, though unsuccessful, was not frivolous within the meaning of § 13–17–102, C.R.S.2005, the fees and costs incurred in connection therewith must be "reasonable." E–470 contends that the General Assembly did not intend to include attorney fees and costs incurred in attempting to invalidate an eminent domain statute. We disagree with both parties.

Section 13–17–102 is a fee-shifting statute that authorizes the recovery of attorney fees from an opposing party when that party has pursued a substantially frivolous claim, defense, or position. Simply because landowners could have successfully resisted a § 13–17–102 attorney fee request from E–470 in connection with the second appeal does not mean that they are entitled to fees from E–470 for that same appeal.

Similarly, we reject the position espoused by E–470. While § 43–4–506(1)(h)(II)(B) does not explicitly authorize attorney fees and costs incurred in challenging the constitutionality of a condemnation statute, neither does it explicitly prohibit them. Indeed, § 43–4–506(1)(h)(II)(B) and its legislative history are silent on the subject.

■ We may not read into a statute an exception that its plain language does not suggest, warrant, or mandate. *E–470 Pub. Highway Auth. v. Kortum Inv. Co.,* 121 P.3d 331, 333 (Colo.App.2005). And although E–470 asserts that to allow fees and costs for challenges to the constitutionality of condemnation statutes would produce an absurd result, we are not persuaded. We can envision circumstances in which statutory enactments would interfere with the constitutional right

of landowners to recover just compensation for governmental takings of their property. In those circumstances, landowners should not be penalized for seeking vindication of their legal right to just compensation.

Thus, we reject any rule of categorical inclusion or exclusion of fees and costs under § 43–4–506(1)(h)(II)(B). Instead, we conclude the matter must be resolved based on a trial court's responsibility under the statute to award "reasonable" attorney fees and costs.

Here, the trial court declined to award the attorney fees and costs landowners incurred in the second appeal because they were not "reasonably necessary."

Section 43–4–506(1)(h)(II)(B) speaks in terms of awarding "reasonable" attorney fees and costs. For the following reasons, we interpret the term "reasonable" as encompassing an assessment whether the fees and costs were "reasonably necessary" to achieve the result contemplated by the statute.

Section 43–4–506(1)(h)(II)(B) is a fee- and cost-shifting statute. In Colorado, a "reasonably necessary" consideration has been explicitly recognized to be part of a cost-shifting assessment, *see Clayton v. Snow*, 131 P.3d 1202, 1204, 2006 WL 177387 (Colo.App. No. 04CA1942, Jan. 26, 2006), and implicitly recognized to be part of an attorney fee-shifting assessment. *See Farmers Reservoir & Irrigation Co. v. City of Golden*, 113 P.3d 119, 127 (Colo.2005)(noting that record supported conclusion that fees were reasonable and necessary); *Scott v. Art of Optiks Cherry Creek, Inc.*, 60 P.3d 770, 771 (Colo.App.2002)(noting that, on remand, trial court would have to determine reasonableness and necessity of requested attorney fees); *Roberts v. Adams*, 47 P.3d 690, 700 (Colo.App.2001)(discussing hearings needed to determine reasonableness and necessity of requested attorney fees); *In re Marriage of Rieger*, 827 P.2d 625, 626 (Colo.App.1992)(remanding matter for a hearing on reasonableness and necessity of attorney fees).

Other jurisdictions have recognized the link between the necessity for and the reasonableness of requested fees. *See In re Pajarito Am. Indian Art, Inc.*, 11 B.R. 807, 810 (Bankr.D.Ariz.1981) (recognizing that "reasonable attorneys' fees are not measured by services rendered but by 'services reasonably necessary' "); *Ind. Hosp. Licensing Council v. Women's Pavilion*, 486 N.E.2d 1070, 1075 (Ind.Ct.App.1985)("The basic principle that the prevailing party is due only compensation for reasonable attorneys' fees necessarily implies an evaluation of the necessity of rendering those services for which a fee is sought."); *Walters v. Herrick*, 351 N.W.2d 794, 797 (Iowa 1984)("Two elements inhere in any standard providing for reasonable attorney fees. Both the necessity and valuation of the services must be determined. The services must have been reasonably necessary and the valuation must be reasonable in amount."); *Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988)(in determining reasonable attorney fees, court must consider "[h]ow much of the work performed was reasonably necessary to adequately prosecute the matter").

Based on these authorities, we conclude that the trial court properly considered whether the attorney fees and costs incurred in the second appeal were reasonably necessary to achieve the result required by § 43–4–506(1)(h)(II)(B), namely, an award of just compensation exceeding 130% of the amount last offered by E–470.

At issue, then, is whether the trial court erred in determining that the fees and costs were not reasonably necessary to achieve the result required by the statute.

■ A trial court has discretion to determine reasonable attorney fees and costs, and we review its determination under an abuse of discretion standard. *See Hartman v. Cmty. Responsibility Ctr., Inc.*, 87 P.3d 254, 257 (Colo.App.2004)(attorney fees); *Clinger v. Hartshorn*, 89 P.3d 462, 471 (Colo.App. 2003)(costs).

■ A trial court abuses its discretion if its ruling is manifestly arbitrary, unreasonable, or unfair. *See Remote Switch Sys., Inc. v. Delangis*, 126 P.3d 269, 274 (Colo.App. 2005).

■ In assessing whether a trial court's decision is manifestly unreasonable, arbitrary, or unfair, we ask not whether we

would have reached a different result but, rather, whether the trial court's decision fell within a range of reasonable options. *See Liscio v. Pinson*, 83 P.3d 1149, 1154–55 (Colo.App.2003).

Here, after remand from the first appeal, it was clear that landowners had achieved the result contemplated by § 43–4–506(1)(h)(II)(B). It was determined, at that time, that landowners were entitled to $1,126,691.15 in damages and over $415,000 in attorney fees and costs encompassing all work done (including, even, work unsuccessfully undertaken on appeal in defense of the original $2.88 million damage award to the remaining property).

Landowners then raised the constitutionality of § 38–1–114(2)(d) for the first time, seeking to obtain additional money damages, which the supreme court subsequently determined were not due to landowners. We perceive nothing unreasonable, arbitrary, or unfair about the trial court's conclusion that landowners' unsuccessful second appeal was not reasonably necessary to the ultimate result which they achieved in the case. Simply put, landowners were not entitled to assume that E–470 would have to pay their appellate fees and costs no matter how the second appeal came out.

Consequently, we find no abuse of the court's discretion in refusing to award landowners fees and costs incurred in undertaking that appeal.

The order is affirmed.

MÁRQUEZ and ROMÁN, JJ., concur.