23CA1421 Marriage of Slancik 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1421 El Paso County District Court No. 20DR30379 Honorable Erin Sokol, Judge In re the Marriage of Michael Ernest Slancik, Appellee, and Rhonda Lee Slancik n/k/a Rhonda Lee Cavanaugh, Appellant. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS Division IV Opinion by JUDGE NAVARRO Pawar and Richman*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Beltz & West, P.C., Daniel A. West, Colorado Springs, Colorado, for Appellee The Drexler Law Group, LLC, Matthew B. Drexler, M. Addison Freebairn, Colorado Springs, Colorado, for Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
 1 ¶ 1 In this dissolution of marriage case, Rhonda Lee Slancik, now known as Rhonda Lee Cavanaugh (wife), appeals the district court’s post-decree order that addressed the allocation of her Public Employees’ Retirement Association (PERA) account and entered a money judgment against her. We reverse the order and remand for further proceedings on her request for appellate attorney fees. I. Relevant Facts ¶ 2 In 2021, the district court dissolved wife’s marriage with Michael Ernest Slancik (husband) and entered permanent orders. The court found that wife’s PERA account was a marital asset, from which she received benefits of $3,797 per month. The court ordered the equal division of the PERA account via the time rule formula set forth by In re Marriage of Hunt, 909 P.2d 525, 532 (Colo. 1995), and In re Marriage of Gallo, 752 P.2d 47, 55 (Colo. 1988). The court generally noted wife’s “agreement.” The court directed the parties to use a qualified domestic relations order (QDRO) to divide the account and pay husband his share. ¶ 3 Wife appealed the district court’s permanent orders, and a division of this court affirmed. See In re Marriage of Slancik, (Colo. App. No. 21CA0871, Sept. 15, 2022) (not published pursuant to 
 2 C.A.R. 35(e)) (Slancik I). She did not challenge the court’s allocation of her PERA account. ¶ 4 During the pendency of that appeal, wife did not sign the QDRO, and husband filed a motion to have the QDRO executed on wife’s behalf. The district court granted husband’s request and ordered wife to execute any other documents necessary to effectuate the division of her PERA account. ¶ 5 The district court later determined that, by statute, it did not have jurisdiction to order the division of wife’s PERA account without her written agreement. The court withdrew its previous orders to enforce its allocation of the PERA account, including the execution of the QDRO. The court noted that it could not revisit its permanent orders while the appeal was pending but, to give effect to its allocation of the PERA account, it would need to do so when the mandate was issued. ¶ 6 Following that mandate, husband filed, as relevant here, a motion for the entry of judgment against wife. He alleged that, based on his calculation, he was entitled to approximately $1,300 per month from wife’s PERA account benefits and that wife was not 
 3 giving him his share. He requested an entry of judgment for the approximately $35,000 unpaid to him since permanent orders. ¶ 7 The district court denied his motion. The court explained that, given its previous determination that it lacked jurisdiction to divide wife’s PERA account as it had done in its permanent orders, it must first amend the judgment to implement an alternative payment mechanism. The court directed husband to file a new motion clarifying, among other things, how he wished to have the court amend its permanent orders. ¶ 8 Husband filed a renewed motion and asked the district court to order wife to pay him monthly for his share of the PERA account benefits. He also asked the court to enter judgment against her for the $35,000 that she had not paid since permanent orders. ¶ 9 Relying on C.R.C.P. 60(a), the district court amended its permanent orders, and it granted husband’s request, ordering wife to pay him directly his share of the PERA account, nunc pro tunc to the date of the 2021 judgment. And the court entered a judgment of approximately $35,000 against wife. 
 4 II. C.R.C.P. 60(a) ¶ 10 Wife contends that the district court erred by substantively modifying its permanent orders under C.R.C.P. 60(a). We agree. A. Governing Legal Principles ¶ 11 After a final judgment is entered in a dissolution of marriage case, the district court may not alter, amend, or vacate its allocation of the marital estate unless it finds conditions justifying reopening the judgment under C.R.C.P. 59 or C.R.C.P. 60. See § 14-10-122(1)(a), C.R.S. 2023; Koch v. Dist. Ct., 948 P.2d 4, 7 (Colo. 1997). ¶ 12 C.R.C.P. 60(a) allows a district court, at any time, to correct “[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission.” ¶ 13 We review a district court’s C.R.C.P. 60(a) decision for an abuse of discretion. Garcia v. Puerto Vallarta Sports Bar, LLC, 2022 COA 17, ¶ 16. The court abuses its discretion when it misapplies the law. Id. We review de novo the court’s application of the law. In re Marriage of Medeiros, 2023 COA 42M, ¶ 28. 
 5 B. Analysis ¶ 14 After the mandate in Slancik I, the district court relied on C.R.C.P. 60(a) to “correct its judgment.” The court explained that it always intended to allocate husband an equal share of wife’s PERA account and that due to “circumstances unforeseen” at the time of its permanent orders, it must amend the allocation of that account. To effectuate its division of this asset, the court ordered wife to pay husband directly his marital share from her monthly PERA account benefits. The court stated that “implement[ing] the mechanical correction needed here . . . change[d] nothing about the substance of the judgment or the ultimate liability of the parties” because the “the end result remain[ed] unchanged.” ¶ 15 C.R.C.P. 60(a) provides a limited means for a district court to correct a final judgment at any time. See, e.g., Diamond Back Servs., Inc. v. Willowbrook Water & Sanitation Dist., 961 P.2d 1134, 1136 (Colo. App. 1997). The rule is intended to function “as a safety valve” when the court enters “an honestly mistaken judgment” that does not represent the court and the parties’ understanding and expectation. Reisbeck, LLC v. Levis, 2014 COA 167, ¶ 8. The rule applies to errors or omissions by the court, but 
 6 it is confined “to cases in which the [district] court originally intended to make the award granted by corrective amendment.” Diamond Back Servs., 961 P.2d at 1136; see also Jennings v. Ibarra, 921 P.2d 62, 65 (Colo. App. 1996) (concluding that C.R.C.P. 60(a) did “not authorize [an] amendment of a judgment” when the “court did not originally intend” to include its amended award). C.R.C.P. 60(a) thus does not permit an unexpected or substantive change to the judgment, and it does not permit the court to impose different or additional liabilities on a party. See Reisbeck, ¶¶ 13-15; see also In re W. Tex. Mktg. Corp. v. Kellogg, 12 F.3d 497, 504 (5th Cir. 1994) (“[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule.”). ¶ 16 The district court did not use C.R.C.P. 60(a) to merely correct a clerical mistake or an oversight or omission in its original judgment. The court amended its permanent orders to change the manner by which it allocated wife’s PERA account because it determined that its original allocation was legally impermissible. 
 7 Such an amendment is outside the scope of C.R.C.P. 60(a). See Weize Co. v. Colo. Reg’l Constr., Inc., 251 P.3d 489, 499 (Colo. App. 2010) (“[T]he trial court’s reliance on C.R.C.P. 60(a) was erroneous because the correction was based on its statutory interpretation, not on a clerical mistake.”), superseded by statute on other grounds, Ch. 279, sec. 1, 2011 Colo. Sess. Laws 1249-50; see also W. Tex. Mktg. Corp., 12 F.3d at 505 (“Rule 60(a) will not be available to salvage the government’s blunders. . . . It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).”). To put a finer point on it, “Rule 60(a) may not be used to change something that was deliberately done, . . . even though it was later discovered to be wrong.” McNickle v. Bankers Life & Cas. Co., 888 F.2d 678, 682 (10th Cir. 1989) (citation omitted). ¶ 17 In a dissolution of marriage case, the retirement benefits of a public employee are divisible directly by the retirement plan only upon the written agreement of the parties. § 14-10-113(6)(a)(I), C.R.S. 2023; In re Marriage of Tagen, 62 P.3d 1092, 1094 (Colo. App. 2002). In the absence of an agreement, a court does not have 
 8 jurisdiction to enter an order dividing the public employee retirement benefit. § 14-10-113(6)(f); Tagen, 62 P.3d at 1094. ¶ 18 The district court initially ordered the parties to divide wife’s PERA account through a QDRO and have PERA distribute the portion allocated to husband. When the court issued those permanent orders, it did not indicate that it had considered any alternative ways to effectuate the division of wife’s PERA account. Only upon learning that the court could not effectuate its division of wife’s PERA account through a QDRO did the court revisit its permanent orders and amend the manner by which it allocated this account. ¶ 19 The district court thus amended wife’s liability to conform with the statutory limitations. Cf. Tagen, 62 P.3d at 1094-95 (determining that, in the absence of the parties’ written agreement, the court could order the husband to pay the wife a portion of his PERA benefits as he received his retirement checks). This amendment required her to take on the additional responsibility of paying husband directly. See Reisbeck, ¶¶ 13-15. Nothing in the record indicated that the court ever had the original intent to implement such a requirement. See Diamond Back Servs., 961 P.2d 
 9 at 1136; Jennings, 921 P.2d at 65. Thus, even if the court intended to equally divide the marital portion of wife’s PERA account, C.R.C.P. 60(a) did not authorize it to change its permanent orders and direct an entirely different mechanism when its initial ruling was contrary to the governing law. See Weize, 251 P.3d at 499; see also W. Tex. Mktg. Corp., 12 F.3d at 505; McNickle, 888 F.2d at 682. ¶ 20 Husband attempts to salvage the district court’s ruling by arguing that the court had the inherent authority to enforce its judgment. While a court may use any method prescribed by statute to enforce its judgment, see § 14-10-118(2), C.R.S. 2023; In re Marriage of Collins, 2023 COA 116M, ¶ 64, the court is confined to C.R.C.P. 59 or C.R.C.P. 60 when it seeks to modify a final dissolution judgment, see § 14-10-122(1)(a); Koch, 948 P.2d at 7. As discussed above, the court’s order improperly modified its permanent orders; it did not merely enforce the judgment. We thus reject this alternative basis. See Mulei v. Jet Courier Serv., Inc., 860 P.2d 569, 571 (Colo. App. 1993) (concluding that the court could issue an order to enforce its prior decree when that order did not affect the parties’ substantive rights under the prior judgment). 
 10 ¶ 21 Accordingly, we reverse the district court’s post-decree order that modified the court’s allocation of wife’s PERA account.
1 III. Entry of Judgment ¶ 22 Wife also contends that the district court erred by entering the judgment against her for the unpaid PERA account benefits. The court’s determination to enter the money judgment against wife stemmed from its C.R.C.P. 60(a) ruling that amended the permanent orders. The parties acknowledge that the resolution of this issue rests on the validity of the court’s C.R.C.P. 60(a) ruling. Having reversed that C.R.C.P. 60(a) ruling, we also reverse the court’s entry of judgment. See Prairie Mountain Publ’g Co. v. Regents of Univ. of Colo., 2021 COA 26, ¶ 36 (recognizing that when an underlying judgment is reversed, an award that is dependent on that judgment for its validity is also reversed); Sharon v. SCC Pueblo Belmont Operating Co., 2019 COA 178, ¶ 17 (stating that when a judgment is reversed, the parties return to the same position they were in before the judgment was rendered). 1 Because we address only whether the district court’s order was authorized under C.R.C.P. 60(a), we express no opinion as to whether husband may seek a remedy under any other avenue available to him. 
 11 IV. PERA Account’s Value ¶ 23 Given our reversal of the district court’s post-decree order, we need not address wife’s additional contention that the court clearly erred by finding that her PERA account was valued at $710,563. ¶ 24 To the extent wife attempts to challenge the district court’s previous rulings that have referenced that value, wife did not timely appeal those rulings, and we therefore lack jurisdiction to review them. See C.A.R. 4(a)(1) (requiring a party to file a notice of appeal within forty-nine days of the entry of judgment); In re Marriage of James, 2023 COA 51, ¶ 8 (“The timely filing of a notice of appeal is a jurisdictional prerequisite for appellate review.”). V. Appellate Attorney Fees ¶ 25 Wife requests an award of attorney fees incurred on appeal under section 14-10-119, C.R.S. 2023, due to a purported disparity in the parties’ financial circumstances. Because the district court is better equipped to determine the factual issues regarding their current financial resources, we remand this issue to the district court. See C.A.R. 39.1; Collins, ¶ 86. ¶ 26 Husband also requests an award of appellate attorney fees. He argues that wife’s appeal lacks substantial justification and that 
 12 he is entitled to attorney fees under section 13-17-102, C.R.S. 2023. Given our disposition, we deny husband’s request. See Collins, ¶ 87. VI. Conclusion ¶ 27 The post-decree order amending the district court’s permanent orders and entering judgment against wife is reversed. The case is remanded for further proceedings on wife’s request for appellate attorney fees under section 14-10-119. JUDGE PAWAR and JUDGE RICHMAN concur.