Larry Kallenberger Executive Director Department of Local Affairs 1313 Sherman, Room 518 Denver, CO 80203
Dear Mr. Kallenberger:
This opinion letter responds to your July 8, 1992 inquiry about Board of Assessment Appeals ("Board") filing fees collected pursuant to § 39-2-125(h), C.R.S. (1992 Supp.).
QUESTION PRESENTED AND CONCLUSION
Do the fees authorized in § 39-2-125(h), C.R.S. (1992 Supp.) apply only to valuation appeals from decisions of county boards of equalization and not to any other types of appeals that the Board hears?
Yes.
ANALYSIS
The Board hears several types of appeals, i.e., valuation appeals from decisions of county boards of equalization, § 39-2-125(1)(c), C.R.S. (1992 Supp.); abatement appeals from decisions of county boards of commissioners, § 39-2-125(1)(f), C.R.S. (1992 Supp.); abatement appeals from decisions of the property tax administrator, § 39-2-125(1)(b), C.R.S. (1982); exemption appeals from decisions of the property tax administrator, §§39-2-125(1)(b), C.R.S. (1982) 39-2-117(5)(b), C.R.S. (1992 Supp.); valuations appeals on state assessed properties from decisions of the property tax administrator, §§39-2-125(1)(b), C.R.S. (1982) 39-4-108(8), C.R.S. (1982); and, appeals concerning derelictions of duty on the part of the county assessor, § 39-2-125(1)(e), C.R.S. (1982).
In 1992, the General Assembly enacted § 39-2-125(1)(h), C.R.S. (1992 Supp.), which requires the Board to "[c]ollect filing fees as authorized by § 39-8-108(1). . . ." Section § 39-8-108(1), C.R.S. (1992 Supp.) authorizes the collection of nonrefundable filing fees in valuation appeals from county boards of equalization where the petitioner-appellant is a person "other than the taxpayer pro se."
In determining whether § 39-2-125(1)(h), C.R.S. (1992 Supp.) authorizes the Board to collect fees in appeals other than valuation appeals from county boards of equalization, one starts with the language of the statute itself. State Bd. ofEqualization v. American Airlines, 773 P.2d 1033, 1040
(Colo. 1989). Where the statutory language is clear and unambiguous there is no need to resort to interpretative rules of statutory construction. Colonial Penn v. ColoradoIns. Guar., 799 P.2d 448 (Colo.App. 1990); McKinneyv. Kautzky, 801 P.2d 508 (Colo. 1990). If the language of a statute is plain and its meaning clear, it must be applied as written. Heagney v. Schneider,677 P.2d 446 (Colo.App. 1984).
The language of § 39-2-125(1)(h) does not authorize the collection of fees beyond that mentioned in § 39-8-108(1), C.R.S. (1992 Supp.), namely, valuation appeals from decisions of county boards of equalization. We, therefore, conclude that §39-2-125(1)(h) limits the Board's ability to collect those fees only to § 39-8-108(1) appeals brought by those other than taxpayers pro se which challenge valuation decisions of county boards of equalization. Fees may not be collected pursuant to § 39-2-125(1)(h), then, for abatement and refund appeals heard by the Board pursuant to § 39-2-125, C.R.S. (1982).
SUMMARY
The fees authorized by § 39-2-125(1)(h), C.R.S. (1992 Supp.) apply only to a certain type of § 39-8-108(1), C.R.S. (1992 Supp.) valuation appeal from county boards of equalization.
Sincerely,
 GALE A. NORTON Attorney General
TAXATION AND REVENUE STATUTORY CONSTRUCTION FEES
§ 39-1-108(1), C.R.S.(1992 Supp.) § 39-2-125(h), C.R.S.(1992 Supp.)
LOCAL AFFAIRS DEPT.
The fees authorized in § 39-2-125(h), C.R.S. (1992 Supp.) apply only to § 39-8-108(1), C.R.S. (1992 Supp.) valuation appeals from decisions of the county boards of equalization.