The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

John Baptist SANTISTEVEN, Jr., Defendant–Appellee.

No. 92CA2067.

Colorado Court of Appeals, Div. II.

Dec. 30, 1993.

---

John Suthers, Dist. Atty., Edward J. Casias, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

Terry L. Perlet, Colorado Springs, for defendant-appellee.

Opinion by Judge TAUBMAN.

The People appeal from the trial court order granting defendant, John Baptist Santistevan, Jr., relief pursuant to Crim.P. 35(c). We reverse and remand for further proceedings.

In 1990, defendant entered guilty pleas to one count of second degree assault and one count of criminal impersonation. He was sentenced to six years at the Department of Corrections. On those sentences the defendant had a parole eligibility date of May 19, 1993.

Defendant subsequently filed a Crim.P. 35(b) motion for reduction of sentence. Following a hearing on this motion, the court ordered defendant's sentences to be served at a community corrections facility.

While defendant was serving these two sentences at the community corrections facility, additional charges were filed against him. As the result of plea negotiations, he entered a guilty plea to vehicular eluding, a nonviolent offense. The court sentenced defendant to five years at the Department of Corrections, to be served concurrently with his previous sentences. Defendant's community corrections placement was also revoked, and he was sent back to the Department of Corrections to serve the remainder of his initial sentences.

As a result of defendant's new conviction, a new parole eligibility date of June 14, 1994, was established. In addition, the Department of Corrections determined that, pursu-

ant to Colo.Sess.Laws 1987, ch. 331, § 3 at 1825 (codified, after repeal and re-enactment, at § 17–27–105(2)(b), C.R.S. (1993 Cum. Supp.)), defendant's eligibility for community corrections referral was deferred to 180 days immediately prior to his parole eligibility date.

Defendant filed a motion pursuant to Crim.P. 35(c) challenging the determination by the Department of Corrections that he was not eligible for community corrections placement until 180 days immediately prior to his parole eligibility date. Defendant argued that, pursuant to § 17–27–106(4)(a)(II)(A), he was eligible for community corrections referral up to sixteen months immediately prior to his parole eligibility date. Following a hearing, the court granted defendant's motion and ordered the Department of Corrections to make defendant immediately eligible for community corrections placement. The People argue that the court's ruling was erroneous.

As a threshold matter, we must determine whether there was jurisdiction to hear this case before we can reach its merits. The People argue that the trial court was without jurisdiction to review this matter because parole decisions are within the power of the executive department. We disagree.

■ A Crim.P. 35(c) motion affords a convicted person all remedies that are available through a writ of *habeas corpus*. *People v. Bucci*, 184 Colo. 367, 520 P.2d 580 (1974). The defendant must allege with particularity in the motion that a present need exists for the relief sought, *e.g.*, the applicant may be disadvantaged in obtaining parole under a later sentence. *See* IV ABA, Standards for Criminal Justice, Standard 22–2.4(c) (2d ed. 1980); *Denver v. Rhinehart*, 742 P.2d 948 (Colo.1987).

■ Here, the defendant alleged with particularity that the Department of Corrections parole determination would deprive him of eligibility for the community corrections program for over a year beyond the original projected eligibility date. He filed his Crim.P. 35(c) motion within the applicable statutory time period. Thus, the appeal is properly before us.

Sections 17–27–106(4)(a)(II), as then in effect, provides:

(A) An offender who has not been convicted of an offense enumerated in section 16–11–309(2), C.R.S. [ (1987 Repl.Vol. 6A) ], and who has displayed acceptable institutional behavior shall be referred to a community correctional facility program for a placement of up to sixteen months immediately prior to such offender's parole eligibility date.

(B) Any other offender shall be referred to a community corrections facility or program for a placement of up to one hundred eighty days immediately prior to such offender's parole eligibility date.

Defendant's position is that because the conviction which extended his parole eligibility date was non-violent in nature, the Department of Corrections was obligated to refer him to a community corrections facility up to sixteen months prior to his parole eligibility date. The People argue, however, that because one of the offenses for which defendant remained incarcerated was a violent offense, the Department of Corrections correctly proceeded under § 17–27–106(4)(a)(II)(B). Under the circumstances of this case, we agree with the People.

■ In questions of statutory interpretation, our task is to ascertain and give effect to the intent of the General Assembly. The statutory scheme must be read and considered as a whole to give consistent, harmonious, and sensible effect to all its parts. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988). In determining the intent of the General Assembly, it is useful to consider the plain language of the statute, *People v. District Court*, 713 P.2d 918 (Colo.1986), as well as the problem addressed by the legislation and the statutory remedy created to cure the problem. *Charnes v. Boom, supra*. In addition, we must try to reconcile statutes governing the same subject. *Bynum v. Kautzky*, 784 P.2d 735 (Colo.1989).

■ The Department of Corrections exercises discretion in utilizing the statutes governing the computation of an inmate's remaining period of incarceration. And, so long as the Department's interpretation of

the statutes is reasonable and contravenes no legislative or constitutional rights or policies, its interpretation should be entitled to great weight. *Price v. Mills,* 728 P.2d 715 (Colo. 1986).

■ The establishment of a community corrections referral date requires that a specific parole eligibility date first be determined. For purposes of establishing a parole eligibility date, when an inmate has been convicted of several offenses with separate sentences, the Department of Corrections "shall construe all sentences as one continuous sentence." Section 17–22.5–101, C.R.S. (1986 Repl.Vol. 8A).

The word "shall" is mandatory. Thus, the Department of Corrections was required to combine all three of defendant's sentences for purposes of establishing his parole eligibility date. *See People v. Baker,* 703 P.2d 631 (Colo.App.1985) (court denied parole until end of defendants' two consecutive sentences, construing sentences as one continuous sentence). Defendant has not presented any reason the Department should consider each sentence separately when determining a community corrections placement date based on the parole eligibility date.

Furthermore, § 17–27–106(4)(a)(II) was enacted several years after § 17–22.5–101. We presume that the General Assembly was aware of the statutory provisions with respect to combining sentences for purposes of parole eligibility when enacting the community corrections provisions. Had the General Assembly intended that, for purposes of community corrections placement, multiple sentences not be combined, we assume such language could have been included in the 1987 amendments to § 17–27–106(4)(a). No such language exists. Nor is such an intent evidenced by the language of the statute.

■ Defendant acknowledges that his third conviction was the triggering event for delay of his parole eligibility date, but maintains that because the conviction was not for a violent crime, his referral to community corrections should not be delayed. The trial court agreed, stating in its order that: "Where here there are concurrent sentences and the controlling sentence which extends the parole eligibility date of the defendant is a non-violent offense ... the defendant's eligibility for referral to a community corrections' facility shall be pursuant to 17–27–106(4)(II)(A)." However, the statute makes no distinction between convictions for single and multiple offenses. Nor does it refer to a "controlling" sentence which might extend a defendant's parole eligibility date. It simply provides that a defendant who has been convicted of any violent crime is not eligible for community corrections placement more than six months before his parole eligibility date.

The trial court's reliance on *McKinney v. Kautzky,* 801 P.2d 508 (Colo.1990) is misplaced. In *McKinney,* the supreme court held that § 17–27–106(4)(a)(II) requires the Department of Corrections to refer an inmate to community corrections before his parole date. The supreme court also held that an inmate convicted of a violent crime may be referred to the community corrections program only 180 days before his or her parole eligibility.

When *McKinney* is read together with § 17–22.5–101 and the broad discretion afforded Department of Corrections' parole determinations, we cannot conclude that the Department of Corrections' parole determination was wrong. To the contrary, its decision appears to be supported by statutory law, and we afford it the discretion required by law.

Finally, defendant is serving his three sentences concurrently. They are by definition, therefore, one continuous sentence. He is still incarcerated for the violent offense which forms a part of his continuous sentence. Thus, we find no merit in his contention that he is entitled to be referred immediately to a community corrections facility.

The order is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

TURSI and NEY, JJ., concur.