**TOWN OF TELLURIDE,**
Petitioner–Appellee,

v.

**SAN MIGUEL VALLEY CORPORATION,** a Colorado corporation; Boomerang Holdings, LLC, a Colorado limited liability company; Alley Oop Holdings, LLC, a Colorado limited liability company; and Cordillera Corporation, a Utah corporation, Respondents–Appellants.

No. 07CA2049.

Colorado Court of Appeals, Div. I.

Oct. 2, 2008.

Faegre & Benson, LLP, Leslie A. Fields, John R. Sperber, Denver, Colorado, for Petitioner–Appellee.

Otten, Johnson, Robinson, Neff, & Ragonetti, Thomas J. Ragonetti, Darrell Waas, Patricia Campbell, Mikaela Rivera, Denver, Colorado, for Respondents–Appellants.

Opinion by Judge ROTHENBERG.

In this eminent domain action, respondents, San Miguel Valley Corporation; Boomerang Holdings, LLC; Alley Oop Holdings, LLC; and Cordillera Corporation (col-

lectively, Landowners), appeal the trial court's order granting them a partial award of attorney fees against petitioner, the Town of Telluride. The sole issue in this appeal is whether the trial court erred in concluding the attorney fees and costs that Landowners incurred in challenging Telluride's authority to condemn Landowners' property were not recoverable under section 38–1–122(1.5), C.R.S.2008. We conclude the trial court did not err and therefore affirm.

## I.

Telluride filed this action in March 2004 in San Miguel County District Court against Landowners to acquire 572 acres of real property adjacent to Telluride for open space, parks, and recreation. Telluride offered to purchase the property for $19,543,200. Landowners refused the offer, and maintained that Telluride had no authority to condemn the property. The trial court rejected Landowners' contention, and Landowners appealed that ruling to the Colorado Supreme Court, which upheld the trial court. *Town of Telluride v. San Miguel Valley Corp.*, 185 P.3d 161, 171 (Colo.2008).

On remand, and following a valuation trial, the jury awarded Landowners $50 million as compensation for the property. It is undisputed that, because the final value of the property exceeded 130% of the last written offer given to Landowners before this action was filed, Telluride was required to reimburse Landowners for their reasonable attorney fees and costs, pursuant to section 38–1–122(1.5). The trial court also awarded Landowners $2,765,890 in total litigation fees and costs, but disallowed the portion of the attorney fees they incurred in challenging Telluride's authority to condemn the property.

## II.

■ Landowners contend section 38–1–122(1.5) requires Telluride to reimburse *all* of the attorney fees Landowners incurred in the condemnation proceeding, and the trial court erred in ruling otherwise. According to Landowners, this includes the attorney fees associated with their unsuccessful challenge to Telluride's authority to condemn the property. We disagree.

Statutory interpretation is a question of law that we review de novo. *Ryals v. St. Mary–Corwin Reg'l Med. Ctr.*, 10 P.3d 654, 659 (Colo.2000). Our goal in such interpretation is to determine and give effect to the intent of the General Assembly. *Moffett v. Life Care Ctrs.*, 187 P.3d 1140 (Colo.App.2008)(citing *Colo. Office of Consumer Counsel v. Pub. Utils. Comm'n*, 42 P.3d 23, 27 (Colo.2002)). A statute should be interpreted as a whole, giving effect to all of its parts. *See Zab, Inc. v. Berenergy Corp.*, 136 P.3d 252, 255 (Colo.2006).

In 1985, the General Assembly adopted what is now section 38–1–122(1), C.R.S.2008, which permits the trial court to award reasonable attorney fees to a property owner in cases where the condemning agency is not authorized by law to acquire the real property.

In 2003, the statute was modified to include section 38–1–122(1.5). The legislature declared that "the purpose and intent of this act is to encourage condemning entities to make fair and reasonable offers to owners of property subject to condemnation." *See* ch. 421, sec. 1, 2003 Colo. Sess. Laws 2669.

Before the adoption of sections 38–1–122(1) and (1.5), Colorado case law did not permit an award of attorney fees under the just compensation clause of Colorado Constitution article II, section 15. Colorado courts followed the American Rule, which generally requires that each party pay its own attorney fees. *City of Holyoke v. Schlachter Farms R.L.L.P.*, 22 P.3d 960, 961 (Colo.App.2001); *see also United States v. Bodcaw Co.*, 440 U.S. 202, 99 S.Ct. 1066, 59 L.Ed.2d 257 (1979) (indirect costs to the property owner caused by the taking of his or her land are generally not part of the just compensation to which he or she is constitutionally entitled and attorney fees and expenses are not embraced within just compensation).

■ However, there is an exception to the American rule where attorney fees are expressly authorized by a statute, contract, or rule, *Morris v. Askeland Enterprises, Inc.*, 17 P.3d 830, 833 (Colo.App.2000), and the

legislature created such an exception by enacting section 38–1–122(1) and (1.5).

Section 38–1–122(1) provides a statutory basis for compensating owners for the attorney fees and costs they incur when the condemning party proceeds without valid authority. Thus, if Landowners had persuaded the Colorado Supreme Court that Telluride lacked authority to condemn their property, Landowners would have been entitled to recover "reasonable attorney fees, in addition to any other costs assessed" in challenging the condemnation. Section 38–1–122(1).

Section 38–1–122(1.5), provides a separate statutory basis for compensating property owners for the attorney fees and costs they incur in challenging the valuation assigned to their condemned property. That subsection only applies in certain cases, and it provides in pertinent part:

> In connection with proceedings for the acquisition or condemnation of property in which *the award determined by the court exceeds ten thousand dollars,* in addition to any compensation awarded to the owner in an eminent domain proceeding, the condemning authority shall reimburse the owner whose property is being acquired or condemned *for all of the owner's reasonable attorney fees incurred by the owner where the award by the court in the proceedings equals or exceeds one hundred thirty percent of the last written offer* given to the property owner prior to the filing of the condemnation action.

(Emphasis added.)

In adopting section 38–1–122(1.5), the legislature declared:

> [T]he purpose and intent of this act is to encourage condemning entities to make fair and reasonable offers to owners of property subject to condemnation. Determining the amount of an offer to purchase is within the discretion and authority of the condemning entity, and such entities will be liable for owners' costs and fees only where a court or jury has determined that the fair value is at least thirty percent higher than the condemning entity's last offer.

*See* ch. 421, sec. 1, 2003 Colo. Sess. Laws at 2669.

Thus, section 38–1–122(1.5) assumes the condemning agency has the authority to condemn the property, but awards certain owners a remedy—the reimbursement of their reasonable attorney fees—if the valuation of the property by the condemning agency was unreasonably low.

Looking at the statute as a whole, we conclude the legislature intended that challenges to the condemning agency's *authority* to condemn be addressed by 38–1–122(1), but that challenges to the condemning agency's *valuations* be addressed by section 38–1–122(1.5). Furthermore, in valuation cases, the legislature has specified that attorney fees are only available to a property owner where the final value assigned to the property exceeded 130% of the last written offer given to the property owners before the condemnation action was filed. We view this mathematical litmus test as evidence of the legislature's intent to limit awards of attorney fees to relatively egregious cases where the condemning agency has not offered fair value to the property owner. It follows that, in such cases, the legislature also intended that a property owner's reimbursement for attorney fees be limited to the fees incurred in obtaining a fair valuation. *See Wolf Creek Ski Corp. v. Board of County Comm'rs,* 170 P.3d 821, 826 (Colo.App.2007)(courts presume the legislature intended a just and reasonable result).

Contrary to Landowners' contention, *E–470 Public Highway Authority v. Revenig,* 140 P.3d 227, 228 (Colo.App.2006), does not require a different result. There, the trial court denied the property owners' request for the attorney fees and costs they incurred in challenging the constitutionality of section 38–1–114(2)(d), C.R.S.2008 (reducing monetary award of compensation for land taken by the value of special benefits added to owner's remaining property by virtue of the condemnation). On appeal, the division construed section 43–4–506(1)(h)(II)(B), C.R.S.2008, which allows for reasonable attorney fees and costs in condemnation actions, and concluded the trial court did not abuse its discretion in finding the attorney fees and costs at issue

"were not reasonably necessary to achieve the result required by the statute." *Id.* at 230.

Here, the trial court addressed the interplay between section 38–1–122(1) and (1.5). It concluded that the phrase "all of the owner's reasonable attorney fees incurred by the owner" in section 38–1–122(1.5) permits owners who are successful in challenging the valuation of their condemned properties to recover the attorney fees they incurred in challenging that valuation, but that an owner's recovery of attorney fees incurred in challenging the authority of the condemning entity to condemn the property is governed by section 38–1–122(1).

We conclude the trial court's construction, which we adopt, harmonizes the two statutes, and as in *E–470 Public Highway Authority v. Revenig*, reimburses Landowners in this case for the attorney fees and costs that were reasonably necessary to obtain fair compensation. This construction achieves the result sought by the statute.

The order is affirmed.

Judge ROMÁN and Judge CONNELLY concur.