**CITY OF COLORADO SPRINGS,
Colorado, Petitioner–
Appellant,**

v.

**ANDERSEN MAHON ENTERPRISES,
LLP, Respondent–Appellee.**

No. 09CA1467.

Colorado Court of Appeals,
Div. V.

July 22, 2010.

Patricia K. Kelly, City Attorney, William B. Bain, Assistant City Attorney, Colorado Springs, Colorado; Welborn Sullivan Meck & Tooley, P.C., Edward Blieszner, Sarah M. Clark, Denver, Colorado, for Petitioner–Appellant.

Duncan, Ostrander & Dingess, P.C., Robert R. Duncan, James Birch, Paul C. Rufien, Denver, Colorado for Respondent–Appellee.

Opinion by Judge LICHTENSTEIN.

In this eminent domain proceeding, petitioner, the City of Colorado Springs, appeals the trial court's order awarding attorney fees to respondent, Andersen Mahon Enterprises, LLP, pursuant to section 38–1–122(1.5), C.R.S.2009. We reverse the order.

Under section 38–1–122(1.5), property owners are entitled to reimbursement for attorney fees they incur in challenging the governmental entity's valuation of their condemned property if the court's award exceeds the condemning entity's last written offer by thirty percent:

> [I]n addition to any compensation awarded to the owner in an eminent domain proceeding, the condemning authority shall reimburse the owner whose property is being acquired or condemned for all of the owner's reasonable attorney fees incurred by the owner *where the award by the court in the proceedings equals or exceeds one hundred thirty percent of the last written offer given to the property owner prior to the filing of the condemnation action.*

(Emphasis added.)

The issue in this case is whether the phrase in this statute, "award by the court," means only the property valuation award, or the valuation award plus prejudgment interest.

## I. Background

This case arises from Colorado Springs' condemnation of Andersen Mahon's property for purposes of widening a roadway. Colorado Springs and Andersen Mahon were unsuccessful in negotiating the just compensation for the taking of the property. Andersen Mahon rejected the City's final written offer of $1,200,000, resulting in the City's filing of its Petition in Condemnation on August 15, 2008. After filing the petition, the parties stipulated to the City's taking immediate possession of the property. The City took possession on September 4, 2008. On that day, the City also deposited into the court registry $1,024,000, a sum equal to its appraised value of the property. Pursuant to the stipulation for possession and as authorized under section 38–1–105(6), C.R.S.2009, Andersen Mahon withdrew the $1,024,000 for the benefit of its creditors.

Subsequently, a court-appointed board of three commissioners to determine the value of the property as of the date of the City's possession. After the valuation trial in April 2009, the board determined that the value of the property on September 4, 2008 was $1,542,294. This award was 28.5 percent higher than Colorado Springs' final written offer of $1,200,000.

On April 14, 2009, Colorado Springs deposited an additional $543,399.31 into the court registry to account for both the $518,294 difference in the initial deposit and the award, as well as the $25,105.31 prejudgment interest owed on this difference.

Andersen Mahon then moved for an award of attorney fees pursuant to section 38–1–122(1.5). It argued that prejudgment interest should be added to the commissioners' valuation award in determining whether the City's final written offer had been exceeded by thirty percent. The court agreed with Andersen Mahon.

On appeal, the City argues that prejudgment interest is separate from the "award by the court," within the meaning of section 38–1–122(1.5). We agree with this view.

## II. Appealability

■ Initially, we reject Andersen Mahon's argument that the appeal should be dismissed because the City did not appeal the trial court's underlying judgment. The City is appealing only the trial court's award of attorney fees. This order is "distinct and

separately appealable from the judgment on the merits." *Kennedy v. Gillam Dev. Corp.,* 80 P.3d 927, 929 (Colo.App.2003).

### III. Standard of Review

Statutory interpretation is a question of law we review de novo. *Town of Telluride v. San Miguel Valley Corp.,* 197 P.3d 261, 262 (Colo.App.2008). In interpreting a statute, we seek to determine the intent of the legislature as expressed in the plain language it selected. *Kane v. Town of Estes Park,* 786 P.2d 412, 415 (Colo.1990). In so doing, we give the words and phrases used their common meanings. *Bd. of County Comm'rs v. Roberts,* 159 P.3d 800, 804 (Colo.App.2006). A statute is to be construed as a whole to give a consistent, harmonious, and sensible effect to all its parts. *Town of Telluride,* 197 P.3d at 262.

### IV. Attorney Fees under Section 38–1–122(1.5)

The procedures governing eminent domain proceedings in Colorado are set forth in section 38–1–101 to 202, C.R.S.2009. When a condemning governmental entity does not proceed properly, the General Assembly has provided that landowners, whose property has been acquired or condemned, may receive attorney fees. *See* § 38–1–122, C.R.S.2009. The attorney fee provisions are to be construed so as not to require a property owner to incur costs under such circumstances. *Platte River Power Auth. v. Nelson,* 775 P.2d 82, 83 (Colo.App.1989). The General Assembly has determined, for example, that the condemning entity does not proceed properly when it makes an unreasonably low offer of compensation to the property owner to affect a taking. *See* § 38–1–122. Under subsection (1.5), attorney fees are triggered "where the *award by the court* in the proceedings equals or exceeds one hundred thirty percent of the last written offer given to the property owner prior to the filing of the condemnation action." § 38–1–122(1.5) (emphasis added).

The General Assembly did not indicate that "award by the court" should be given something other than its usual meaning. The phrase is not specially defined in subsec-

tion (1.5) or elsewhere in the eminent domain scheme. And subsection (1.5) contains no reference to prejudgment interest. We therefore conclude that "award by the court" plainly contemplates the court's principal award (based on the difference between the condemning authority's last written offer and the value of the property, as determined by the commissioners), and not the prejudgment interest on that award. This reading reflects the general view of principal awards and prejudgment interest. *See* § 13–17–202(2), C.R.S.2009 (In civil cases, "[w]hen comparing the amount of any offer of settlement to the amount of a final judgment actually awarded, any amount of the final judgment representing interest subsequent to the date of the offer in settlement shall not be considered.").

The legislative declaration pertaining to the attorney fee provision of the eminent domain statute supports our plain reading of subsection (1.5). That declaration provides:

> [T]he purpose and intent of this act is to encourage condemning entities to make fair and reasonable offers to owners of property subject to condemnation. Determining the amount of an offer to purchase is within the discretion and authority of the condemning entity, and such entities will be liable for owners' costs and fees only *where a court or jury has determined that the fair value is at least thirty percent higher than the condemning entity's last offer.*

Ch. 421, sec. 1, 2003 Colo. Sess. Laws 2669 (emphasis added).

In *Town of Telluride,* the court recognized that the legislature, by enacting subsection (1.5), intended to limit awards of attorney fees to relatively egregious cases where the condemning agency has not offered fair value to the property owner, and in so doing, "the legislature has specified that attorney fees are only available to a property owner where *the final value assigned to the property* exceeded 130% of the last written offer given to the property owners before the condemnation action was filed." 197 P.3d at 263 (emphasis added).

As expressed by the legislature, subsection (1.5) was enacted to encourage condemning

entities to make fair and reasonable offers to owners of property subject to condemnation, and the salient measure of reasonableness is the "amount of [the last written] offer to purchase" against the "fair value" of the property. *See* ch. 421, sec. 1, 2003 Colo. Sess. Laws 2669; *see also Palizzi v. City of Brighton,* 228 P.3d 957, 962 (Colo.2010) (just compensation is measured by the actual fair market value of the property). In accordance with this intent, and inherent in the analysis of *Town of Telluride,* the "award of the court" in subsection (1.5) necessarily refers to "the final value assigned to the property." 197 P.3d at 263.

Accordingly, we are not persuaded by the argument of Andersen Mahon, that because the legislature used the phrase "award by the court" in subsection (1.5) and not "award by the commission," it must have intended to include prejudgment interest as part of the court's award for purposes of triggering attorney fees.

Not only does the legislative declaration fail to support this interpretation, but also prejudgment interest is unrelated to the reasonableness of the governmental entity's offer prior to its initiation of a condemnation proceeding. As provided by statute, prejudgment interest applies to a procedure that occurs subsequent to the filing of a petition in condemnation, in which the property owner may withdraw a court-approved sum of money deposited by the condemning entity, when that entity is authorized to take immediate possession of the property. § 38–1–116, C.R.S.2009; *see* § 38–1–105(6) (authorizing petitioner's immediate possession of the property in exchange for petitioner's payment of a court-authorized sum into the court registry).

If the final value assigned to the property exceeds *the deposit amount,* the condemning entity owes the property owner a payment representing the difference between the two amounts. *See* § 38–1–116. Prejudgment interest is then assessed on that payment. *Id.* Accordingly, the purpose of the award of prejudgment interest pursuant to section 38–1–116 is to compensate a party for the loss of use of money not deposited into the court registry. *See Morris v. Goodwin,* 185 P.3d

777, 780 (Colo.2008) (prejudgment interest is a way of accounting for the time value of money). It therefore follows that prejudgment interest is not related to the reasonableness of the pre-filing offer.

In addition, because the fair value of the property is assessed as of the date of the deposit of the sum into the registry, *see* § 38–1–114(1), C.R.S.2009; *Denver Urban Renewal Auth. v. Hayutin,* 40 Colo.App. 559, 567, 583 P.2d 296, 302 (1978), the difference between the condemning entity's last offer and the property valuation would not, as a logical matter, contemplate the inclusion of prejudgment interest, which is assessed for a period subsequent to the date of property valuation. *See* § 38–1–116.

For these reasons, we are not persuaded by Andersen Mahon's argument that the legislature intended to add prejudgment interest to the property valuation for purposes of triggering attorney fees. We acknowledge that the trial court has no discretion to deny an award of prejudgment interest under section 38–1–116, but this does not alter our conclusion. Even though a court "shall" add prejudgment interest to its compensation award, the legislature has determined that for purposes of assessing attorney fees, the award in subsection (1.5) refers to the final value assigned to the property.

Because the legislature did not intend to include prejudgment interest as part of the "award by the court" in determining whether attorney fees should be granted, we reverse the trial court's award of attorney fees under section 38–1–122(1.5).

## V. Attorney Fees on Appeal

Andersen Mahon requests attorney fees incurred on appeal pursuant to section 13–17–102, C.R.S.2009, and section 38–1–122(1.5). Based on our resolution above, we decline to order attorney fees on appeal.

The order is reversed.

Judge RUSSEL concurs.

Judge GRAHAM dissents.

Judge GRAHAM dissenting.

I respectfully dissent.

I conclude that an award by the court in condemnation proceedings includes prejudgment interest because it is part of the "award by the court in the proceedings" as specified by section 38–1–122(1.5). The City contends that the trial court erred in awarding attorney fees to Andersen Mahon under section 38–1–122(1.5) because any prejudgment interest awarded under section 38–1–116 should not be considered as part of "the award by the court."

The majority concludes that the legislature intended to limit awards of attorney fees to relatively egregious cases where the condemning agency has not offered fair value to the property owner. Thus, for the majority, the award by the court specified in section 38–1–122(1.5) means only the court's award for the actual value of the property. I conclude, in contrast, that the law is meant to fully compensate the owner for the loss the owner suffered by the taking.

Statutory interpretation is a question of law that we review de novo. *Ryals v. St. Mary–Corwin Reg'l Med. Ctr.*, 10 P.3d 654, 659 (Colo.2000). Our goal in such interpretation is to determine and give effect to the intent of the General Assembly. *Town of Telluride v. San Miguel Valley Corp.*, 197 P.3d 261, 262 (Colo.App.2008). If a statute is clear and unambiguous on its face, then we need not look beyond the plain language, *Garhart ex rel. Tinsman v. Columbia/HealthONE, L.L.C.*, 95 P.3d 571, 591 (Colo.2004), and "we must apply the statute as written," *In re 2000–2001 Dist. Grand Jury*, 97 P.3d 921, 924 (Colo.2004) (citing *Univex Int'l, Inc. v. Orix Credit Alliance, Inc.*, 914 P.2d 1355, 1358 (Colo.1996)). *Vigil v. Franklin*, 103 P.3d 322, 327 (Colo.2004); *see also* § 2–4–203(1)(c), (d), (g), C.R.S.2009 ("If a statute is ambiguous, the court, in determining the intention of the general assembly, may consider among other matters: . . . [t]he legislative history, if any . . . [and] [t]he legislative declaration or purpose."). A statute should be interpreted as a whole, giving effect to all its parts. *Zab, Inc. v. Berenergy Corp.*, 136 P.3d 252, 255 (Colo.2006); *San Miguel Valley Corp.*, 197 P.3d at 262.

In addition, the constitutional protection against the taking of private property by government without due process imposes on the condemning governmental entity a requirement of strict compliance with and interpretation of the pertinent condemnation statutes. Thus, while eminent domain statutes are strictly construed against the government, they must be liberally construed in favor of property owners. *Platte River Power Auth. v. Nelson*, 775 P.2d 82, 83 (Colo. App.1989).

Section 38–1–122(1.5) provides a statutory basis for compensating property owners for the attorney fees they incur in challenging the valuation assigned to their condemned property. That subsection provides in pertinent part:

> In connection with proceedings for the acquisition or condemnation of property in which the award determined by the court exceeds ten thousand dollars, in addition to any compensation awarded to the owner in an eminent domain proceeding, the condemning authority shall reimburse the owner whose property is being acquired or condemned for all of the owner's reasonable attorney fees incurred by the owner where *the award by the court in the proceedings* equals or exceeds one hundred thirty percent of the last written offer given to the property owner prior to the filing of the condemnation action.

(Emphasis added.)

The majority concludes that "the award by the court" includes only the commissioner's award of $1,542,294 and not the prejudgment interest awarded under section 38–1–116.

Pursuant to section 38–1–116, the court

> shall forthwith cause the report of the commissioners or the verdict of the jury to be entered upon the records of the court, and, where possession of the property has been previously taken by the petitioner pursuant to section 38–1–105(6), it *shall* add to the amount of any such award interest at the rate established pursuant to section 5–12–106(2), C.R.S., on and after the date of such possession until the date such award of the commissioners or ver-

dict of the jury is filed with the clerk of the court.

(Emphasis added.)

"The use of the word 'shall' creates a presumption that a stated requirement is mandatory." *EZ Bldg. Components Mfg., LLC v. Indus. Claim Appeals Office,* 74 P.3d 516, 518 (Colo.App.2003). Thus, where, as here, possession of the property has been previously taken by the petitioner pursuant to section 38–1–105(6), C.R.S.2009, the court is required pursuant to section 38–1–116 to add interest to the "award of the commissioners" or the jury verdict from the "date of such possession until the date such award of the commissioners or verdict of the jury is filed with the clerk of the court." *See Fowler Irrevocable Trust 1992–1 v. City of Boulder,* 992 P.2d 1188, 1200 (Colo.App.1999) (section 38–1–116 "directs a court to award prejudgment interest only if possession of the property has been previously taken by a condemning authority pursuant to § 38–1–105(6)"), *aff'd in part and rev'd in part on other grounds,* 17 P.3d 797 (Colo.2001).

Accordingly, the court's "award" under section 38–1–122(1.5) necessarily includes the commissioner's or jury's award plus any prejudgment interest added to that amount pursuant to section 38–1–116. To conclude that the court's "award" under section 38–1–122(1.5) does not include prejudgment interest is to ignore the dictate of the legislature set forth in section 38–1–116.

Furthermore, section 38–1–122(1.5) was enacted many years after section 38–1–116. We presume that the General Assembly was aware of the statutory provision with respect to adding prejudgment interest to the commissioners' award or jury's award. *See People v. Santisteven,* 868 P.2d 415, 418 (Colo. App.1993). Had the General Assembly intended that "the award by the court" consist only of the award of the commissioners or jury, and not any prejudgment interest awarded under section 38–1–116, we assume such language could have been included in section 38–1–122(1.5). In other words, the General Assembly could easily have used the language, "the award by the *commission or jury* " instead of "the award by the *court,*" or expressly stated that "the award by the

court" does not include prejudgment interest. It did not do so. Nor is such an intent evidenced by the language of the statute.

Instead, the statute clearly indicates that the threshold for attorneys fees is based upon the court's final judgment which is the actual award rendered by the court. "Award" is defined as "[a] final judgment or decision." Black's Law Dictionary 147 (8th ed. 2004). Therefore, "the award by the court" is synonymous with the "judgment of the court."

Finally, when I read the statutes together as a whole, I have no difficulty in determining that the General Assembly deemed it fair to make prejudgment interest part of the court's award in order to fully compensate the property owner for the loss of their property. In doing so, the provisions of section 38–1–116 simply make sure that interest is not awarded on money which has already been tendered to the property owner. However, the section does require that prejudgment interest be attached to the award by the commission or the jury so that the final award by the court will provide the product to compare against the 130% threshold specified in section 38–1–122(1.5).